**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 26-27732-CIV-CANNON**

**LUIS ENRIQUE MANTILLA VIDAL,**

Petitioner,

v.

**WARDEN, MIAMI FEDERAL DETENTION CENTER** ***and*** **U.S. IMMIGRATION AND CUSTOM ENFORCEMENT,**

Respondents.
________________________________________/

**ORDER OF DISMISSAL FOR FAILURE TO PROSECUTE**
**AND COMPLY WITH COURT ORDERS**

**THIS CAUSE** comes before the Court upon a *sua sponte* review of the record. For the reasons stated below, the Petition [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE** because Petitioner failed to comply with the Court's Order to pay the filing fee or to submit a compliant motion to *proceed in forma pauperis* before the filing deadline [ECF No. 4].

***

Courts are vested with the inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" and "to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962). "The court's power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983). Accordingly, "[a] district court can dismiss a case *sua sponte*" if a party "fails to comply with a court order." *Daker v. Comm'r, Ga. Dep't of Corr.*, 850

F. App'x 731, 733 (11th Cir. 2021) (citing *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (ruling that dismissal "upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion"); *Jamerson v. Sec'y Dep't of Corr.*, 774 F. App'x 623, 624 (11th Cir. 2019) ("In general, a dismissal without prejudice is not an abuse of discretion" (citing *Dynes v. Army Air Force Exchange Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983))).

***

Dismissal for failure to comply with Court orders is warranted here. On October 30, 2026, Petitioner Luis Enrique Mantilla Vidal ("Petitioner") filed a *pro* se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 1]. Petitioner neither paid the Clerk's $5.00 filing fee nor filed a motion to proceed *in forma pauperis*. *See* 28 U.S.C. §§ 1914(a), 1915(a). Therefore, the Court directed Petitioner to "either pay the Clerk's filing fee of $5.00 or, in the alternative, file a motion for leave to proceed *in forma pauperis*" [ECF No. 4 p. 2]. The Court warned that Petitioner's "failure to timely pay the filing fee or to file a compliant motion for leave to proceed *in forma pauperis* will result in dismissal of this case without prejudice and without further notice." [ECF No. 4 p. 2].

Despite the Court's warning and allowance of additional time consistent with the prison mailbox rule, *see Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014), Petitioner still has not paid the Clerk's filing fee, filed an IFP Motion, or otherwise sought additional time to comply with the Court's prior Order.

***

Accordingly, upon a full review, it is hereby **ORDERED AND ADJUDGED** that:

1. This case is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and comply with Court orders.

2. The Clerk is ordered to **CLOSE** this case.

3. The Clerk shall **MAIL** a copy of this order to Petitioner at the address listed below and **file a Notice of Compliance confirming the same**.

**ORDERED** in Chambers in Fort Pierce, Florida, this 23rd day of November 2026.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: **counsel of record**

**Luis Enrique Mantilla Vidal,** ***pro se***
A# 024455707
Miami Federal Detention Center
Inmate Mail/Parcels
Post Office Box 019120
Miami, Florida 33101